UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MERVYN L. DE AMARAL, et al.,

    Plaintiff(s),

  v.

GOLDSMITH & HULL, et al.,

    Defendant(s).

_____/

No. C 12-3580 PJH

**ORDER DENYING MOTION TO DISMISS AND DENYING MOTION TO STRIKE**

    Defendants' motion to dismiss and motion to strike came on for hearing before this court on December 5, 2012. Plaintiffs Mervyn De Amaral and Jody Lin De Amaral ("plaintiffs") appeared through their counsel, Fred Schwinn. Defendants Goldsmith & Hull and Eric Scott Mintz ("defendants") appeared through their counsel, Jack Hull. Having read the papers filed in conjunction with the motions and carefully considered the arguments and relevant legal authority, and good cause appearing, the court hereby DENIES defendants' motion to dismiss and DENIES defendants' motion to strike for the reasons stated at the hearing, and as follows.

    Defendants' motion to dismiss is largely premised on the argument that "the mere filing of a lawsuit" cannot constitute a violation of the Fair Debt Collection Practices Act ("FDCPA") or its state-law equivalent. However, the Supreme Court rejected this argument in a unanimous opinion, holding that "the Act applies to attorneys who 'regularly' engage in consumer-debt-collection activity, even when that activity consists of litigation." Heintz v. Jenkins, 514 U.S. 291, 299 (1995). Plaintiffs' complaint does adequately allege that a false statement was made in connection with defendants' filing of a state court suit, and is thus sufficient for purposes of Rule 12(b)(6). Accordingly, defendants' motion to dismiss is DENIED.

    Defendants' motion to strike is based on a very similar argument - that their filing of

a lawsuit was a "constitutionally protected act[] in furtherance of a person's right to petition or free speech under the United States or California Constitution."  Dkt. 22 at 5.  However, because <u>Heintz</u> establishes that a plaintiff can properly assert a FDCPA claim based on the filing of a lawsuit, plaintiffs' complaint in this case is not the appropriate subject of a motion to strike.  Defendants' motion to strike is thus DENIED.

Finally, both parties have filed requests for judicial notice.  The court finds that the state court complaint in <u>LHR v. De Amaral</u> is indeed implicated by plaintiffs' complaint in this case, and the request for judicial notice of that document is GRANTED.  The remainder of the parties' requests for judicial notice are DENIED, as they relate to documents that are not implicated by plaintiffs' complaint.

**IT IS SO ORDERED**.

Dated:  December 5, 2012

_____
PHYLLIS J. HAMILTON
United States District Judge