UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MERVYN L. DE AMARAL, et al.,

    Plaintiff(s),

    v.

GOLDSMITH & HULL, et al.,

    Defendant(s).

_____/

No. C 12-3580 PJH

**ORDER DENYING MOTION TO DISMISS OR TRANSFER**

    Defendants' motion to dismiss or transfer came on for hearing before this court on February 20, 2013. Plaintiffs Mervyn De Amaral and Jody Lin De Amaral ("plaintiffs") appeared through their counsel, Fred Schwinn. Defendants Goldsmith & Hull and Eric Scott Mintz ("defendants") appeared through their counsel, Jack Hull. Having read the papers filed in conjunction with the motions and carefully considered the arguments and relevant legal authority, and good cause appearing, the court hereby DENIES defendants' motion to dismiss or transfer for the reasons stated at the hearing, and as follows.

    First, defendants move to dismiss the complaint for improper venue under Federal Rule of Civil Procedure 12(b)(3). However, defendants have already moved to dismiss the complaint under Rule 12(b)(6), and because defendants did not raise the improper venue defense at that time, it is waived. See Fed. R. Civ. P. 12(h). Thus, defendants' motion to dismiss is DENIED.

    In the alternative, defendants move for transfer of venue under 28 U.S.C. § 1406 or under 28 U.S.C. § 1404. Section 1406 applies only when a case is filed "in the wrong division or district." Because the complaint in this case is based on defendants' filing of a state court case in Contra Costa County, the court finds that venue is proper in this district, and thus, transfer under section 1406 is unwarranted.

    For a transfer of venue under section 1404, the moving party has the burden of

showing a "clear balance of inconveniences" against it if the action remains in the original venue. Futures Trading Comm'n v. Savage, 611 F.2d 270, 279 (9th Cir. 1979). If transfer would merely shift the inconveniences from one party to another, transfer should be denied. Van Dusen v. Barrack, 376 U.S. 612, 645-46 (1964). In this case, the court finds that defendants have not met their burden here, and instead, seek only to shift the inconvenience from themselves to plaintiffs.

Defendants' motion to transfer is DENIED.

**IT IS SO ORDERED**.

Dated: February 21, 2013

PHYLLIS J. HAMILTON
United States District Judge