UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERVYN L. DE AMARAL, et al.,<br><br>    Plaintiffs,<br><br>       v.<br><br>GOLDSMITH & HULL, et al.,<br><br>    Defendants. | Case No. 12-cv-03580-WHO<br><br>**ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT AND MOTION FOR SANCTIONS**<br><br>Re: Dkt. Nos. 68, 69, 75 |

Before the Court are the parties' cross motions for summary judgment regarding defendants' liability under § 1692e of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and corresponding sections of California's Rosenthal Fair Debt Collection Practices Act, CAL. CIV. CODE § 1788 *et seq.* ("Rosenthal Act"). Dkt. Nos. 68, 69.[1] The De Amarals have also filed a motion for sanctions regarding the defendants' use of five letters to oppose summary judgment that they did not produce in discovery. Dkt. No. 75. After consideration of the motions and argument of counsel, and for the reasons below, the Court GRANTS the motion for sanctions to exclude the use of the letters, GRANTS the De Amarals' motion for summary judgment, and DENIES the defendants' motion for summary judgment.

**FACTUAL BACKGROUND**

The undisputed facts are as follows. This case arises from a debt collection action filed in the Superior Court of California, County of Contra Costa, against plaintiffs Mervyn L. De Amaral and Jody Lin De Amaral. Plaintiffs failed to make payments on a Wells Fargo Bank, N.A., ("Wells Fargo") credit card account. On August 26, 2010, LHR, Inc. ("LHR"), a debt buyer,

---

[1] Plaintiffs' FAC alleges the First Cause of Action for violation of the FDCPA against both defendants. It alleges the Second Cause of Action against Goldsmith & Hull only. Dkt. No. 18 at 9, 11.

purchased the account from Wells Fargo. Decl. of Laura Formaniak in Support of Defendants' Mtn. for Summ. J., Dkt. No. 69-1, ¶¶ 3-9.

On July 12, 2011, LHR filed a complaint against the De Amarals in Contra Costa Superior Court, attempting to recover $11,373.92. Dkt. No 18, Ex. 1 (the "state court complaint"). The state court complaint identifies LHR as "Plaintiff" but makes no mention of Wells Fargo, the original creditor, nor to any specific credit account. *Id*. Pertinent to this case, it alleged:

> 4. That within the last four years, on or about February 1, 2009, the Defendants became indebted to the Plaintiff on an open book account for money due as provided in C.C.P. Section 337a, at the special insistence and request of the Defendants, for credit provided for the purchase of goods, wares, merchandise or services rendered.
>
> 8. That within the last four years, an account was stated in writing by and between the Plaintiff and the Defendants wherein it was agreed that the Defendants, and each of them, were indebted to the Plaintiff in the sum of $11,373.92, plus pre-judgment interest, at the legal maximum rate allowed by law February 1, 2009, plus reasonable attorney's fees to be proven.
>
> 10. That within the last four years, Defendants, and each of them, became indebted to the Plaintiff in the amount of $11,373.92, plus pre-judgment interest thereon, at the legal or maximum rate allowed by law from February 1, 2009, representing the reasonable value of credit for the purchase of goods, wares, merchandise or services rendered and provided to the Defendants by the Plaintiff at the Defendant's special insistence and request, plus reasonable attorney's fees, to be proven.

*See Id*. at 6; FAC, Exhibit 1 at ¶¶ 4, 8, 10.

The De Amarals answered the complaint on November 1, 2011. It was dismissed January 30, 2012. *See LHR, Inc. v. De Amaral*, Superior Court of California, Contra Costa County, Case No. MSL11-06541.

On July 9, 2012, the De Amarals filed the present case. Dkt. No. 1. On September 27, 2012, they filed the operative first amended complaint, Dkt. No. 18 ("FAC"), which asserts causes of action against LHR's attorneys, Goldsmith & Hull, PC ("G&H") and Eric Mintz, an associate at G&H (together, "defendants"), and alleges that their failure to identify the original creditor in the state court complaint violates section 1692e of the FDCPA and corresponding sections of the Rosenthal Act. *Id*. at ¶ 47.[2]

---

[2] The plaintiffs withdrew their claim asserting that collection of the debt was barred by the applicable statute of limitations. *See* Plaintiffs' Opp. to Defendants' Motion for Summ. J., Dkt.

2

**LEGAL STANDARD**

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party, however, has no burden to disprove matters on which the non-moving party will have the burden of proof at trial. The moving party need only demonstrate to the court "that there is an absence of evidence to support the non-moving party's case." *Id*. at 325.

Once the moving party has met its burden, the burden shifts to the non-moving party to "designate specific facts showing a genuine issue for trial." *Id*. at 324 (quotation marks omitted). To carry this burden, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "The mere existence of a scintilla of evidence . . . will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

In deciding a summary judgment motion, the court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Id*. at 255. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge ... ruling on a motion for summary judgment." *Id*. However, conclusory or speculative testimony in affidavits is insufficient to raise genuine issues of fact and defeat summary judgment. *See Thornhill Publ'g Co. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979).

**DISCUSSION**

**I. SANCTIONS MOTION**

In opposition to the De Amarals' motion for summary judgment, defendants proffered five collection letters that they allegedly sent to the DeAmarals. These letters had not been produced

---

No. 70 at 9.

during discovery, even though Plaintiffs' First Request for Production of Documents, Request No. 26, specifically requested all documents "sent to or received from Plaintiffs which in any way relate to the debt owed by Plaintiffs." Decl. of Fred W. Schwinn in Support of Plaintiffs' Mtn. for Sanctions, Dkt. No. 75-2, Ex. B at 8. The letters themselves were unsigned and not authenticated by the supposed sender.

The De Amarals move for sanctions under Federal Rule of Civil Procedure 37(c) to exclude the documents. *See* Dkt. No. 75; Fed R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."). Defendants respond, remarkably, that they did not produce the documents until well after discovery closed, in opposition to the motion for summary judgment, because the letters did not seem relevant early in the case. Moreover, defendants said that they keep their correspondence in computerized form, which means that while a letter can be recreated and printed as of the date it was sent, "this activity is burdensome, if there is no particular reason to do so." Dkt. No. 77 at 4. They further assert that they were excused from producing the letters because of the De Amarals failed to challenge defendants' objection to the request, even though defendants denied the existence of the letters. *Id*.

Suffice it to say, the defendants show a stark misunderstanding of their obligations in discovery. The documents were directly requested. Defendants objected to the request for being, among other things, burdensome and harassing, and later said that after a reasonable search and diligent inquiry no documents were known to exist other than ones that were produced. It is not up to the requesting party to compel production after a meritless objection to production, nor is it necessary to question the veracity of an adversary's denial of the existence of documents. The De Amarals' motion for sanctions is GRANTED and the five letters are excluded.[3]

---

[3] Because the De Amarals prevail in this lawsuit, and are entitled to attorney's fees and costs, the Court will not separately award monetary sanctions at this time since that would amount to a double recovery for the De Amarals.

4

## II. MOTIONS FOR SUMMARY JUDGMENT

The parties' cross motions for summary judgment concern whether defendants' failure to identify the original creditor in the state court complaint constitutes a violation of § 1692e of the FDCPA, which prohibits a materially "false, deceptive, or misleading representation . . . in connection with the collection of [the] debt." 15 U.S.C. § 1692e. There are no factual issues in dispute. The De Amarals owed a debt covered by the FDCPA and G&H is a "debt collector" under the FDCPA. 15 U.S.C. §§ 1692a(5)-(6). The state court complaint and the litigation activities of G&H are subject to the requirements of the FDCPA. *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1031 (9th Cir. 2010) ("[A] complaint served directly on a consumer to facilitate debt-collection efforts is a communication subject to the requirements of §§ 1692e and 1692f."). *See also Reyes v. Kenosian & Miele, LLP*, 619 F. Supp. 2d 796, 801-804 (N.D. Cal. 2008) ("any common law or first amendment-based litigation immunity doctrine is trumped by the statutory language of the FDCPA and the court's holding in *Heintz*.") (citing *Heintz v. Jenkins*, 514 U.S. 291, 299 (1995)). The statements in paragraphs 4, 8, and 10 of the state court complaint quoted earlier are inaccurate. The only issue of law is whether the inaccuracy is material.

### A. Defendant G&H Violated the FDCPA

"[T]he FDCPA is a remedial statute aimed at curbing what Congress considered to be an industry-wide pattern of and propensity towards abusing debtors." *Clark v. Capital Credit & Collection Services, Inc.*, 460 F.3d 1162, 1171 (9th Cir. 2006). It prohibits, and imposes strict liability and both statutory and actual damages for, a wide range of abusive and unfair practices. *Donohue*, 592 F.3d 1027, 1030 (9th Cir. 2010). Because the FDCPA is a remedial statute, it is construed liberally in favor of the consumer. *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1033–34 (9th Cir.2010) ("the FDCPA should be construed liberally to effect its remedial purpose"). Section 1692e of the FDCPA provides in pertinent part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the application of the foregoing, the following conduct is a violation of this section:
> . . .
>
> (2) The false representation of - (A) the character, amount, or legal status of any debt;

5

> . . .
>
> (10)  The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

Section 1692e "broadly prohibits the use of any false, deceptive, or misleading representation or means in connection with the collection of any debt." *Gonzalez v. Arrow Financial Services, LLC*, 660 F.3d 1055, 1061–62 (9th Cir. 2011).  An allegedly false, deceptive, or misleading representation is not actionable under the FDCPA unless it is material.  *Donohue*, 592 F.3d at 1033.  A representation is material if "the least sophisticated debtor would likely be misled by a communication." *Id*.  The materiality requirement is "not concerned with mere technical falsehoods that mislead no one, but instead with genuinely misleading statements that may frustrate a consumer's ability to intelligently choose his or her response." *Id*. at 1034.  "[T]he question whether language [could] confuse a least sophisticated debtor is a question of law." *Terran v. Kaplan*, 109 F.3d 1428, 1428 (9th Cir.1997).  *See also Gonzalez*, 660 F.3d at 1061 ("In this circuit, a debt collector's liability under § 1692e of the FDCPA is an issue of law . . . requir[ing] an objective analysis that takes into account whether the least sophisticated debtor would likely be misled by a communication.").

"The least sophisticated debtor standard is lower than simply examining whether particular language would deceive or mislead a reasonable debtor." *Gonzalez*, 660 F.3d at 1061–62 (internal quotation omitted).  It "is designed to protect consumers of below average sophistication or intelligence, or those who are uninformed or naive." *Id*.  When "faced with ambiguous language," a court is not "to read the language from the perspective of a savvy consumer" who might be expected "to seek explanation of confusing or misleading language in debt collection letters." *Id.* at 1062.  A statement "is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate." *Id*.

The De Amarals allege that the state court complaint "falsely represented that LHR, Inc., was the original creditor and that Plaintiffs had become directly indebted to LHR, Inc., instead of the truth, which is that LHR, Inc., is . . . an assignee of the defaulted consumer debt originally owed by Plaintiffs to Wells Fargo Bank, N.A." Dkt. No. 68 at 9.  Defendants assert that this

1  inaccuracy did not fool the De Amarals, who hired a lawyer and defended the case. Dkt. No. 71 at
2  20. The issue is not, however, whether the De Amarals were deceived, but whether the least
3  sophisticated debtor would be.

4      Precedent on this exact issue is sparse but unanimous. Three Southern District of
5  California cases hold that a debt collection complaint's failure to identify the original creditor is
6  deceptive and material under the least sophisticated consumer standard, and therefore violates
7  section 1692e of the FDCPA. *Caudillo v. Portfolio Recovery Assocs., LLC*, No. 12-200, 2013 WL
8  4102155 (S.D. Cal. Aug. 13, 2013); *Thomas v. Portfolio Recovery Assocs., LLC*, No. 12-1188,
9  2013 WL 4517175 (S.D. Cal. Aug. 12, 2013); *Heathman v. Portfolio Recovery Assocs., LLC*, No.
10 12-515, 2013 WL 3746111 (S.D. Cal. July 15, 2013). In those cases, the state court complaint
11 stated that the plaintiffs owed the debt to the defendant debt collector, that "money was lent by
12 [the debt collector] to [the plaintiff] at [plaintiff's] request," for "credit card purchases and/or cash
13 advances on the credit card account issued by [the debt collector]" and "for which [plaintiffs]
14 promised to pay [the debt collector]". *Caudillo*, 2013 WL 4102155 at *1;  *Thomas*, 2013 WL
15 4517175 at *6; *Heathman*, 2013 WL 3746111 at *1. As stated in *Caudillo*, the language violated
16 section 1692e because the "complaint fails to identify, indeed omits any reference to, Wells Fargo,
17 the original creditor. And it compounds the failure to identify by repeatedly referring to the
18 purported debt as owed to, or a result of money lent by or credit extended by, [the debt collector]."
19 *Caudillo*, at *3 (citations omitted). The language was material because "it could frustrate the least
20 sophisticated consumer's ability to choose a response to Defendant's complaint. For example,
21 without the true identity of the original creditor, the least sophisticated consumer is left unable to
22 verify the debt purportedly owed, much less attempt to resolve that debt directly and
23 extrajudicially." *Thomas*, 2013 WL 4517175 at *4. *See Wallace v. Washington Mut. Bank F.A.*,
24 683 F 3d 323 (6th Cir. 2012) (incorrectly naming the creditor violates FDCPA section 1692e).

25     The language in the complaints in *Caudillo*, *Thomas*, and *Heathman* is similar to the
26 language found in the complaint in this case, which states, "the Defendants became indebted to the
27 Plaintiff on an open book account for money . . . at the special insistence and request of the
28 Defendants," that "an account was stated in writing by and between the Plaintiff and the

United States District Court
Northern District of California

Defendants wherein it was agreed that the Defendants, and each of them, were indebted to the Plaintiff" and that "credit for the purchase of goods, wares, merchandise or services rendered [was] provided to the Defendants by the Plaintiff . . . ." FAC Ex. 1 at ¶¶ 4, 8, 10. These words indicate that LHR "provided" credit to the De Amarals and that LHR and the De Amarals had an agreement "in writing." It is undisputed that no such agreement exists and no credit was "provided" by LHR to the plaintiffs. Therefore, these are false statements.

But are they material? The "least sophisticated debtor" standard is objective, not subjective. *Terran v. Kaplan*, 109 F.3d at 1432. It is "lower than simply examining whether particular language would deceive or mislead a reasonable debtor," *Id*., and "is designed to protect consumers of below average sophistication or intelligence, or those who are uninformed or naïve." *Gonzalez*, 660 F. 3d at 1061. A debtor is not required to present evidence that the least sophisticated debtor would be misled. *Gonzales v. Arrow Financial Servs., LLC*, 489 F. Supp. 2d at 1149 (S.D. Cal. 2007) *aff'd*, 660 F.3d 1055 (9th Cir. 2011) ("The cases that have addressed whether a collection letter's language violates Section 1692e's provisions have done so without looking at extrinsic evidence . . . defendant's argument that the lack of evidentiary support requires summary judgment be entered in defendant's favor is meritless."). Defendants cannot evade liability simply because they communicated a misrepresentation to a consumer who was not misled.

Under the least sophisticated consumer test, the language used here is material because it "can be reasonably read to have two or more different meanings, one of which is inaccurate." *Gonzalez*, 660 F.3d at 1061–62 (internal quotation omitted). The state court complaint may be read to represent that LHR is a creditor "who offers or extends credit creating a debt or to whom a debt is owed" rather than a debt collector that "receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another." 15 U.S.C.A. § 1692a(4). This representation runs afoul of the FDCPA's definition of creditor, which explicitly excludes debt collectors. *Id*. ("The term 'creditor' means any person who offers or extends credit creating a debt or to whom a debt is owed, *but such term does not include* any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating

8

collection of such debt for another.") (emphasis added). LHR does not identify itself as an assignee of the debt anywhere in the state court complaint. Nor does it identify or refer to Wells Fargo, the creditor. On the contrary, it identifies itself as an entity to whom the plaintiffs are "indebted" and who "provided" credit pursuant to a "written agreement." These words may give the least sophisticated consumer a misleading impression that the relationship between the plaintiffs and LHR is that of a debtor to a creditor, rather than a debtor to a debt collector. The least sophisticated consumer might assume that no system of justice would allow her to be found liable to a company that claimed it had contracted with her when the consumer knew she had never done so. For these reasons, the defendants used a "false, deceptive, or misleading representation" in the state court complaint in violation of FDCPA § 1692e.[4]

Although the misrepresentation here may seem technical to some, holding defendants liable under section 1692e comports with the purposes and protections of the FDCPA and is consistent with the case law interpreting it. Congress enacted the FDCPA to eliminate "the use of abusive, deceptive, and unfair debt collection practices" and to promote "[m]eans other than misrepresentation . . . for the effective collection of debts." 15 U.S.C. §§ 1692(a), 1692(c). The Act's express purpose is to shield consumers from abusive and misleading debt collection practices. 15 U.S.C. § 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses."). The FDCPA imposes liability under section 1692e for falsely representing the creditor to whom the debt is owed in several other types of communications, including written notices, collection letters, and telephone calls. *See* 15 U.S.C. §§ 1692g (requiring debt collector to state the name of the creditor to whom the debt is owed in written notice to consumer); *Isham v. Gurstel, Staloch & Chargo, P.A.*, 738 F. Supp. 2d 986, 996 (D. Ariz. 2010) (failure to identify creditor in telephone call to consumer); *Schneider v.*

---

[4] The defendants argue that LHR is entitled to sue in its own name. *See* Dkt. No. 69 at 12-13; 18-19. The misrepresentation complained of is not that LHR is the named plaintiff but that defendants represented that LHR was the original creditor to whom the De Amarals became indebted, rather than the assignee of the original creditor.

1    *TSYS Total Debt Management, Inc.*, 2006 WL 1982499 at *3 (E.D. Wisc. July 13, 2006) (failure
2    to identify creditor in collection letter); *Suquilanda v. Cohen & Slamowitz*, LLP, 2011 WL 434044
3    at *6 (S.D.N.Y. Sept. 8, 2011) (same); *Hepsen v. J.C. Christensen & Associates, Inc.*, No. 07-
4    1935, 2009 WL 3064865 (M.D. Fla. Sept. 22, 2009) *aff'd sub nom. Hepsen v. Resurgent Capital
5    Servs., LP*, 383 F. App'x 877 (11th Cir. 2010) (failure to identify creditor in initial communication
6    with consumer and demand letter).   Insulating consumers from false and misleading statements in
7    a state court complaint is consistent with the stated intent of Congress and broad application of
8    section 1692e.

9    Defendants cite no authority which helps them.  They attempt to distinguish *Heathman*
10   because the complaint in that case "referred to both the debt holder and an unspecified
11   predecessor," which could be confusing to the least sophisticated consumer because it could be
12   read to have two or more different meanings.  Dkt. No. 71 at 13 (citing *Heathman*, 2013 WL
13   3746111 at *4).  But the facts of this case are stronger than the facts in *Heathman*, because here
14   the state court complaint makes no reference to the original creditor at all.  It is even more likely
15   that the least sophisticated consumer would read the state court complaint to mean that LHR was
16   the original creditor rather than the assignee debt collector.

17   Defendants rely on *Tourgeman v. Collins Financial Services, Inc.*, No. 08-1392, 2011 WL
18   3176453 (S.D. Cal July 26, 2011), which held that the failure to identify the original creditor in a
19   state court complaint did not violate section 1692e .  However, *Tourgeman* is distinguishable
20   because the state court complaint attached the contract identifying the original creditor, so even
21   the least sophisticated consumer could tell what debt was the subject of the complaint.
22   Accordingly, the court determined that the misrepresentation in the complaint was not "materially
23   misleading." *Id*. at *7.  At oral argument, defendants pointed to *O'Bryne v. Portfolio Recovery
24   Associates LLC*, 2013 WL 1223590 (S.D. Cal. 2013).  That case is not on point.  In *O'Byrne* the
25   plaintiff alleged that the defendant debt collector misrepresented the legal status of the debt by
26   alleging an account stated in its state court complaint.  *Id*. at *3.  The court examined the
27   contractual relationship between the plaintiff and the original creditor and determined that the
28   elements of an account stated claim were satisfied.  *Id*. at *3-5.  It did not address whether the debt

collector falsely represented itself as the original creditor, as defendants did in each cause of action in the underlying complaint.

The weight of authority favors plaintiffs. *See Caudillo*, 2013 WL 4102155; *Thomas*, 2013 WL 4517175; *Heathman*, 2013 WL 3746111; *Wallace v. Washington Mut. Bank, F.A.*, 683 F.3d 323 (6th Cir. 2012) (incorrectly naming creditor in complaint violated FDCPA section 1692e); *Hepsen v. J.C. Christensen and Assocs., Inc.*, No. 07-1935, 2009 WL 3064865, at *5 (M.D. Fla. Sept. 22, 2009) (same); *Blarek v. Encore Receivable Mgmt., Inc.*, No. 06-0420, 2007 WL 984096, at *15 (E.D. Wis. Mar. 27, 2007) (same). Even *Tourgeman* recognized the importance of accurately identifying the creditor in a complaint. 2011 WL 3176453 at *5 ("the Court can conceive of nary a situation more confusing than receiving a dunning letter identifying an original creditor to whom the consumer never was indebted.").

The state court complaint's language is materially misleading to the least sophisticated debtor and violates section 1692e of the FDCPA. Accordingly, the Court GRANTS the plaintiffs' motion for summary judgment and DENIES the defendants' motion regarding liability under the FDCPA.

**B. Defendant G&H is Liable Under the Rosenthal Act**

"California has adopted a state version of the FDCPA, called the Rosenthal Act." *Riggs v. Prober & Raphael*, 681 F.3d 1097, 1100 (9th Cir. 2012); *see also* CAL. CIV. CODE § 1788 *et seq*. "The Rosenthal Act mimics or incorporates by reference the FDCPA's requirements . . . and makes available the FDCPA's remedies for violations." *Riggs*, 681 F.3d at 1100. "[W]hether [conduct] violates the Rosenthal Act turns on whether it violates the FDCPA." *Id*. Thus, "[t]he Rosenthal Act establishes liability under California law for violations of the FDCPA." *Sial v. Unifund CCR Partner*, 2008 WL 4079281, at *4 (S.D. Cal. Aug.28, 2008). Moreover, "[t]he Rosenthal Act's remedies are cumulative and available even when the FDCPA affords relief." *Gonzalez*, 660 F.3d at 1068. Because plaintiffs establish liability under § 1692e of the FDCPA, they also establish liability under the Rosenthal Act. *Sial*, 2008 WL 4079281, at *4. Accordingly, the Court GRANTS the De Amarals' motion for summary judgment and DENIES Defendants motion regarding liability under the Rosenthal Act.

11

**C. Attorney Mintz Is Liable under the FDCPA But Not the Rosenthal Act**

Defendants contend that defendant Mintz, an associate attorney at G&H, cannot be individually liable for violating the FDCPA and the Rosenthal Act. The FDCPA prohibits certain acts by "any person . . . in any business" if that person meets the definition of a "debt collector." 15 U.S.C. § 1692a(6) (emphasis added). "Attorneys, like all other persons, are subject to the definition of 'debt collector' in 15 U.S.C. § 1692a(6)." *Fox v. Citicorp Credit Servs., Inc.*, 15 F.3d 1507, 1513 (9th Cir. 1994) (finding attorney subject to liability under the FDCPA). *See also Del Campo v. Am. Corrective Counseling Serv., Inc.*, 718 F. Supp. 2d 1116, 1130 (N.D. Cal. 2010) ("the FDCPA explicitly includes those who indirectly participate in debt collection activities within the definition of debt collector"). Mintz testified that he spent about 40 to 50 percent of his time as an associate at G&H on consumer debt collection work, he reviewed the plaintiffs' file and the state court complaint before it was filed, and he signed the state court complaint. Decl. of Fred W. Schwinn in Support of Plaintiffs' Motion for Summ. J., Dkt. No. 68-4, Ex. E at 38:19-39:2; 42:9-20; 51:19-52:9. These facts establish that Mintz "regularly" engages in debt collection activities and is therefore subject to liability under FDCPA section 1692a(6). *See, e.g., Riley v. Giguiere*, 631 F. Supp. 2d 1295, 1303 (E.D. Cal. 2009) (attorney liable under FDCPA where attorney's collections work constituted 40 to 50 percent of her total work).

However, Mintz is not subject to liability under the Rosenthal Act. See CAL. CIV. CODE § 1788.2(c) ("The term 'debt collector' means any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection . . . but does not include an attorney or counselor at law."). *See also Abels v. JBC Legal Group, P.C.*, 227 F.R.D. 541, 547–48 (N.D. Cal. 2005) (concluding that the Rosenthal Act's definition of a debt collector does not include an individual attorney based on the plain language of the statute); *Bretana v. Int'l Collection Corp.*, No. 07-5934 JF, 2010 WL 1221925 at *1 (N.D. Cal. Mar. 24, 2010) (same). Therefore liability and any award of statutory damages under the Rosenthal Act applies only to G&H.

**D. Statutory Damages and Fees**

Based on a single violation of the FDCPA, a plaintiff is entitled to:

(1) any actual damage sustained by such person as a result of such failure;

(2) (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000;

. . .

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court.

15 U.S.C. § 1692k(a).

To award damages under the FDCPA, the Court must consider "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, the resources of the debt collector, the number of persons adversely affected, and the extent to which the debt collector's noncompliance was intentional." *Id*. § 1692k(b)(1). Section 1788.30(b) of the Rosenthal Act provides for a statutory penalty of $100 to $1,000 for debt collectors' willful and knowing violations of its provisions. CAL. CIV. CODE § 1788.30(b) ("Any debt collector who willfully and knowingly violates this title with respect to any debtor shall, in addition to actual damages sustained by the debtor as a result of the violation, also be liable to the debtor only in an individual action, and his additional liability therein to that debtor shall be for a penalty in such amount as the court may allow, which shall not be less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000).").

The only evidence the De Amarals submitted with respect to damages was Mervyn De Amaral's testimony that he incurred attorney's fees of $3,000 to defend the underlying debt collection action. Decl. of Fred W. Schwinn in Support of Plaintiffs' Motion for Summ. J., Dkt. No. 68-4, Ex. H at 13:8-22. But there is no dispute that De Amarals owed the debt nor that LHR was entitled to collect it. The misrepresentation that LHR was an original creditor did not cause the De Amarals to hire counsel--their debt did. The De Amarals have not shown that their payment of attorney's fees occurred "as a result of" the defendants' violation of the FDCPA. 15 U.S.C. § 1692k(a).

In light of the factors enumerated in 15 U.S.C. § 1692k(b)(1), the Court in its discretion awards the De Amarals statutory damages in the amount of $500, jointly and severally, against defendants, jointly and severally. The court also awards plaintiffs statutory damages in the amount of $500.00 pursuant to California Civil Code § 1788.30 against G&H. *See* CAL. CIV.

1  CODE § 1788.32 ("remedies provided herein are intended to be cumulative").  Plaintiffs are also
2  entitled to seek to recover costs and attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and CAL.
3  CIV. CODE § 1788.30(c).

## CONCLUSION

For the reasons above, the Court GRANTS the De Amarals' motion for summary judgment and their motion for sanctions.  The Court DENIES the defendants' motion for summary judgment.  Plaintiffs are awarded statutory damages of $1,000.00, jointly and severally:  $500 for the FDCPA claim against G&H and Mintz, jointly and severally, and $500.00 pursuant to the Rosenthal Act against G&H.  As prevailing parties, the De Amarals are entitled to fees and costs as provided by statute.

**IT IS SO ORDERED**.

Dated: February 11, 2014



WILLIAM H. ORRICK
United States District Judge

14